IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 8:08CR63** |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **TENTATIVE FINDINGS** |
| | ) | |
| **ANTHONY E. SCHELL,** | ) | |
| | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR") and the Defendant's objection thereto (Filing No. 22). The government adopted the PSR (Filing No. 20). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

The Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Upon making a traffic stop, officers found a half gram of methamphetamine on the Defendant's person, and during the course of his guilty plea the Defendant admitted that a firearm found under his seat was his. (PSR, ¶ 10.) The Defendant objects to the 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) possessing a firearm in connection with another felony offense. The Defendant simply argues that "there is not a sufficient nexus or connection between the firearm charge and any alleged felony." (Filing No. 22.) The objection includes no legal support.

The Defendant pleaded guilty to possessing the firearm. Possession of a controlled substance is a Class IV felony. Neb. Rev. Stat. § 28-416(3) (2007). The Eighth Circuit has affirmed cases in which application of the § 2K2.1(b)(6) enhancement was affirmed when

a firearm was possessed and the individual possessed a user quantity of drugs. *United States v. Fuentes Torres,* 2008 WL 2492627, at *2 (8th Cir. June 24, 2008) (citing *United States v. Regans,* 125 F.3d 685, 686 (8th Cir. 1997)). The requisite connection between the firearm and the felony is inferred when a drug user carries a firearm together with his drugs, unless it is clearly improbable that the weapon was connected to the felony offense. *Id.* (quoting *Regans,* 125 F.3d at 687).

Therefore, in the instant case on the basis of the record and the PSR the Court concludes that the required connection between the firearm and the felony offense, possession of methamphetamine, exists. It is not clearly improbable that the firearm was connected to the methamphetamine possession. The Defendant's objection is denied.

IT IS ORDERED:

1. The Defendant's Objection to the Presentence Investigation Report (Filing No. 22) is denied;

2. Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

3. If **any** party wishes to challenge these tentative findings, the party shall immediately file in the court file and serve upon opposing counsel and the Court a motion challenging these tentative findings, supported by (a) such evidentiary materials as are required (giving due regard to the requirements of the local rules of practice respecting the submission of evidentiary materials), (b) a brief as to the law, and (c) if an evidentiary hearing is requested, a statement describing why an evidentiary hearing is necessary and an estimated length of time for the hearing;

4.       Absent submission of the information required by paragraph 3 of this Order, my tentative findings may become final; and

5.       Unless otherwise ordered, any motion challenging these tentative findings shall be resolved at sentencing.

DATED this 7th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge