IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | ) | CASE NO. 8:08CR63 |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | AMENDED |
| | ) | TENTATIVE FINDINGS |
| ANTHONY E. SCHELL, | ) | |
| Defendant. | ) | |

The Court has received the Presentence Investigation Report ("PSR"), the Defendant's objection thereto (Filing No. 22), and the Defendant's objections to the original Tentative Findings (Filing No. 32). The government adopted the PSR (Filing No. 20). *See* Order on Sentencing Schedule, ¶ 6. The Court advises the parties that these Amended Tentative Findings are issued with the understanding that, pursuant to *United States v. Booker,* 543 U.S. 220 (2005), the sentencing guidelines are advisory.

## BACKGROUND

The Defendant pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Upon making a traffic stop, officers found a half gram of methamphetamine on the Defendant's person, and during the course of his guilty plea the Defendant admitted that a firearm found under his seat was his. (PSR, ¶ 10.) The Defendant objects to the 4-level enhancement under U.S.S.G. § 2K2.1(b)(6) possessing a firearm in connection with another felony offense. The Defendant's one-sentence objection simply stated that "there is not a sufficient nexus or connection between the firearm charge and any alleged felony." (Filing No. 22.) The objection included no legal

support or additional argument and no discussion of allegations of fact in the PSR that led to the enhancement.

The Court filed Tentative Findings, to which the Defendant objects. The Court files these Amended Tentative Findings in response to those objections.

## DISCUSSION

U.S.S.G. § 2K2.1(b)(6) provides, in pertinent part, for a 4-level enhancement if a defendant possessed a firearm "in connection with another felony offense" or possessed a firearm "with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense." The guideline commentary adds the following: "[Subsection] (b)(6) . . . appl[ies] if the firearm or ammunition *facilitated, or had the potential of facilitating, another felony offense*. U.S.S.G. § 2K2.1 application note 14(A).

Applying the above-quoted language, the Eighth Circuit has affirmed the application of the § 2K2.1(b)(6) enhancement when a firearm was possessed and the individual possessed a user quantity of drugs. When a user quantity of drugs is involved, the Eighth Circuit stated that application note 14(A) applies. *United States v. Fuentes Torres,* 2008 WL 2492627, at *2 (8th Cir. June 24, 2008) (citing *United States v. Regans,* 125 F.3d 685, 686 (8th Cir. 1997)).[1]

Turning to the instant case, the Defendant pleaded guilty to possessing the firearm. He stated in his Petition to Enter a Plea of Guilty that he possessed a firearm. (Filing No.

---

[1] The Defendant's argument in the objection to the original Tentative Findings is well-taken with respect to this Court's application in the original Tentative Findings of the "clearly improbable" standard. Nevertheless, the application of § 2K2.1(b)(6) in these Amended Tentative Findings under the facts presented in the PSR and Eighth Circuit law still leads the Court to conclude that the application of the enhancement is appropriate.

16, ¶ 45.) Possession of a controlled substance is a Class IV felony. Neb. Rev. Stat. § 28-416(3) (2007). The PSR states that the Defendant was charged with possession of a controlled substance and possession of a firearm by a felon in Douglas County Court, noting that "[d]etails of this offense is [sic] located under the Offense Conduct section." (PSR, ¶ 59.) The reference is to the government's version of the offense, which states that the Defendant had a revolver under the seat of his car and a half gram of methamphetamine on his person. (PSR, ¶ 10.) The Defendant chose not to submit a version of the offense and, in objecting to the enhancement, did not specifically object to the facts incorporated by reference into ¶ 59. The only reference to the Defendant's doubt that another felony occurred was the reference to an "alleged felony." (Filing No. 22.)

Therefore, in the instant case on the basis of the record and the PSR, including undisputed facts, the Court concludes that the required connection between the firearm and the felony offense, possession of methamphetamine, exists. More specifically, the firearm "facilitated, or had the potential of facilitating, another felony offense." *See* U.S.S.G. § 2K2.1 application note 14(A).

IT IS ORDERED:

1.    The Defendant's Objection to the Presentence Investigation Report (Filing No. 22) is denied;

2.    The Defendant's Objection to the Tentative Findings (Filing No. 32) is denied;

3.    Otherwise the Court's tentative findings are that the Presentence Investigation Report is correct in all respects;

4.    Any objections to these Amended Tentative Findings may be raised orally at sentencing; and

5. Unless otherwise stated, the Amended Tentative Findings will be final at sentencing.

DATED this 11th day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge